## Frank Gibis, Appellee, v. The Clinic Publishing Company, Appellant.

### Gen. No. 18,001.

1. MASTER AND SERVANT, § 414*—*when servant obeying orders may rely on care of master.* A servant acting under a specific order of his superior has the right to assume that his superior will not be negligent in making unsafe the act he is ordered to perform.

2. MASTER AND SERVANT, § 244*—*when master liable for the negligent orders of foreman.* A pressman, whose duty is to direct the operation of printing presses, represents the master in giving orders to a helper to go beneath a press, and the master is liable where injury results to the helper for failure of the pressman to order that press should not be started while the helper is obeying the order.

3. MASTER AND SERVANT, § 102*—*care required of master.* It is the duty of master to do no negligent act that would tend to make it dangerous for servant to obey orders.

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913. Rehearing denied October 27, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $3,145 recovered by the plaintiff in an action on the case for personal injuries alleged to have been sustained by him through the negligence of the defendant. In the basement of defendant's printing office were six large electric printing presses. Paul Kuehn was pressman in charge of presses three and four. A man called Jack was his helper on press three and plaintiff his helper on press four. In the operation of the presses the pressmen never worked together on the same press. Kuehn's duties were to make the presses ready, take care of them during their operation and direct the men assisting him in any way he thought fit and necessary. Plaintiff worked nights beginning at 6:30 P. M. The night he was injured, Kuehn was engaged in making ready press four up to some time between eleven and twelve and was about ready to start when he decided to oil the tympan. Plaintiff could not find the can containing the oil used for that purpose and Kuehn ordered him to go under press three to look for it, saying that he thought he saw it there. It often happened that a sheet of paper went wrong or something broke and in that case Jack would stop his press. At the time Kuehn gave plaintiff the order to go under press three that press was not running. Plaintiff asked Kuehn to see that no one started the press while he went under it to look for the oil can and Kuehn replied that he would see that no one started the press. Kuehn failed to give Jack any order not to start the press or to notify him that plaintiff had gone under the press, and while plaintiff was under it, in obedience to Kuehn's orders, Jack started the press and thereby plaintiff sustained the injuries for which he sued.

JULIAN C. RYER, for appellant.

GALLAGHER & MESSNER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

We think that in giving the order to plaintiff to go under press three Kuehn was performing the master's duty and not merely the duty of a fellow-servant. He gave the order which it was the duty of plaintiff to obey and he could only give orders as the representative of the master. He did not join plaintiff as a fellow-servant in searching for the oil can but he gave the specific order under which plaintiff acted. He was in the position of one exercising authority.

It was the duty of the master to do no negligent act that would tend to make it dangerous for the plaintiff to obey his order. In this case Kuehn was doing what a master usually and properly does when present in person for he was commanding and directing the execution of what he commanded. By his own act in failing to direct Jack not to start the press under which he had ordered plaintiff to go, or to warn him that plaintiff was under the press, Kuehn made it unsafe to do what he had ordered should be done. In *Chicago & A. R. Co. v. May,* 108 Ill. 288, it was said, page 299: "When the negligent act complained of arises out of and is the direct result of the exercise of the authority conferred on a servant by the master over his co-laborers, the master will be liable. In such case he is not the fellow-servant of those under his charge, with respect to the exercise of such power, for no one but himself, in the case supposed, is clothed with authority to command the others."

We think that from the evidence the jury might properly find that the acts and conduct of Kuehn in failing to direct Jack not to start press three or to notify him that plaintiff had gone under that press, constituted and was negligence and that such negligence was the negligence of the master.

Plaintiff acting under a specific order had the right to assume that his superior who gave the order would not, by his own negligence, make the act he was or-

224    APPELLATE COURTS OF ILLINOIS.

dered to perform unsafe and therefore did not assume the risk, nor was he guilty of contributory negligence.

We think the declaration after verdict must be held sufficient.

We find no errors in the rulings of the court on questions of evidence or instructions, and the judgment is affirmed.

*Affirmed.*